# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**BRITTANIE HECHTER,**

       **Plaintiff,**

   **v.**

**NATIONWIDE FIRE INSURANCE CO.,** *et al.*

      **Defendant.**

**Case No. 2:14-cv-2720**

**Judge Peter C. Economus**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court for consideration of Defendant Dreyfuss Williams & Associates Co.'s ("DWA") Motion For Leave to File Sur-Reply (ECF No 25), Plaintiff Brittanie Hechter's ("Plaintiff") Motion to Remand (ECF No. 15), and DWA's Motion to Dismiss (ECF No. 20). For the reasons that follow, the Court **DENIES** DWA's Motion to For Leave to File Sur-Reply, (ECF No. 25), **GRANTS** Plaintiff's Motion to Remand (ECF No. 15), and **DENIES AS MOOT** DWA's motion to dismiss (ECF No. 20).

## I.    <u>Background</u>

On November 20, 2014, Plaintiff filed this action in the Court of Common Pleas, Franklin County, Ohio against Defendants Nationwide Mutual Fire Insurance Company, Premera Blue Cross, OhioHealth, Michael Coyle, and DWA (collectively "Original Defendants"). (ECF No. 15 at 2.) Plaintiff's Complaint alleged that, on November 30, 2012, she rode as a passenger in Michael Coyle's car. Michael Coyle wrecked the car and plaintiff sustained injuries. (ECF No. 2 at 2.) Plaintiff claimed that Michael Coyle negligently operated his motor vehicle resulting in damages to her. (*Id.*)

Plaintiff treated at OhioHealth for her injuries. DWA provides legal representation and collects debt for OhioHealth. Premera Blue Cross medically insures Plaintiff under her employee benefit plan.

In her original Complaint, Plaintiff alleged that OhioHealth overcharged her and pursued illegal billing practices. Plaintiff maintained that OhioHealth has a practice of identifying patients with personal injury claims or sources of payment other than major medical plans. (ECF No. 2 at 5.) Plaintiff contended that OhioHealth systematically seeks compensation from other sources in order to collect full, undiscounted rates for medical services, as opposed to preferred provider rates. Plaintiff alleged that OhioHealth's billing practices violate Ohio Revised Code § 1751.60(A). (ECF No. 2 at 5, ¶ 23.). Ohio Revised Code § 1751.60(A) requires health care providers who have entered into a preferred provider contract with a health insuring corporation to seek compensation solely from the health insurer.

Plaintiff brought a breach of contract claim against OhioHealth. (ECF No. 2 at 7.) Plaintiff alleged that OhioHealth breached its contract with Premera Blue Cross because it did not charge Plaintiff at the discounted rate required under the agreement. Plaintiff further contended that OhioHealth violated Ohio public policy. (ECF No. 2 at 11.)

Plaintiff pleaded a claim against OhioHealth for its billing practices under Ohio Revised Code § 3923.81(A). (ECF No. 2 at 6, ¶ 24.). Ohio Revised Code § 3923.81(A) provides the following:

> If a person is covered by a health benefit plan issued by a sickness and accident insurer, health insuring corporation, or multiple employer welfare arrangement and the person is required to pay for health care costs out-of-pocket or with funds from a savings account, the amount the person is required to pay to a health care provider or pharmacy shall not exceed the amount the sickness and accident insurer, health insuring corporation, or multiple employer welfare arrangement would pay under applicable reimbursement rates negotiated with the provider or

> pharmacy. This division does not preclude a person from reaching an agreement with a health care provider or pharmacy on terms that are more favorable to the person than negotiated reimbursement rates that otherwise would apply as long as the claim submitted reflects the alternative amount negotiated, except that a health care provider or pharmacy shall not waive all or part of a copay or deductible if prohibited by any other provision of the Revised Code. The requirements of this division do not apply to amounts owed to a provider or pharmacy with whom the sickness and accident insurer, health insuring corporation, or multiple employer welfare arrangement has no applicable negotiated reimbursement rate.

Plaintiff also alleged a claim against DWA under Ohio Revised Code § 3923.81(A) because DWA had knowledge of the other plan and helped further the violation.

Plaintiff further claimed that OhioHealth and DWA refused to provide a copy of part or all of a medical record, in violation of Ohio Revised Code § 3701.74(B) and (C). (ECF No. 2 at 10.) Plaintiff brought claims against OhioHealth and DWA under the Ohio Consumer Sales Practices Act. Ohio Rev. Code Ann. § 1345.01(A). (ECF No. 2 at 11 ¶ 63.)

Plaintiff brought a declaratory action against Premera Blue Cross under Ohio Revised Code § 2721.01. (ECF No. 2 at 13.) Plaintiff also alleged a breach of contract and bad faith claim against Premera Blue Cross. (ECF No. 2 at 13.) Plaintiff stated that Premera Blue Cross failed to perform its obligations under the terms of the insurance contract.

Premera Blue Cross removed this action to this Court on December 22, 2014. (ECF No. 1.) On January 7, 2015, Plaintiff and Defendant Nationwide Mutual Fire Insurance Company settled their differences and entered into a Stipulation dismissing claims against Nationwide. (ECF No. 11.) On January 12, 2015, Plaintiff and Premera Blue Cross settled their differences and entered into a Stipulation dismissing claims against Premera Blue Cross. (ECF No. 14.) The only claims remaining in this case are against Defendants Michael Coyle, OhioHealth, and DWA.

On January 12, 2015, Plaintiff filed a motion to remand this action to state court. (ECF No. 15.) DWA and OhioHealth (collectively "Defendants")[1] oppose Plaintiff's motion to remand, and each party filed a response to Plaintiff's motion. Defendants argue that the remaining claims in this case fall within the original jurisdiction of this Court.

## II.    <u>Motion to File Sur Reply</u>

The Court will first address DWA's Motion For Leave to File Sur-Reply.  (ECF No. 25.) This Court must decide whether it should permit DWA to file a sur-reply, which would necessitate additional briefing before the Court could address the merits of Plaintiff's motion to remand. Rule 7.2(a)(2) of the Southern District of Ohio Local Civil Rules permits the filing of a motion and memorandum in support, a memorandum in opposition, and a reply memorandum. The Rule further states that, "[n]o additional memoranda beyond those enumerated will be permitted except upon leave of court for good cause shown." S.D. Ohio Civ. R. 7.2(a)(2). "While the Local Rules do not define 'good cause' for filing a sur-reply, 'this Court has consistently held that in order for a party to be given permission to file a sur-reply, the reply brief must raise new grounds that were not presented as part of the movant's initial motion.'" *Bush v. Sec'y of Dep't of Veterans Affairs*, No. 1:13-CV-76, 2014 WL 127092, at *1 (S.D. Ohio Jan. 13, 2014) (quoting *Comtide Holdings, LLC v. Booth Creek Mgmt. Corp.*, No. 2:07–cv–1190, 2010 WL 4117552, at *4 (S.D. Ohio Oct.19, 2010)).

DWA asserts that "good cause" exists because "the issue of whether this Court retains jurisdiction over this matter and should continue to retain jurisdiction has become obfuscated." (ECF No. 25 at 1.) Defendant DWA does not address new arguments raised by Plaintiff. DWA

---

[1] The Court notes that DWA represents itself and OhioHealth in this matter.

simply rephrases the arguments it made previously.[2] DWA states that it ""seeks only to submit to this Court a final, concise, and direct removal jurisdictional analysis." (ECF No. 25 at 2.) The Court concludes that Defendant DWA's proffered reasons to file the sur-reply do not constitute good cause. *See White v. Honda of America Mfg., Inc.*, 191 F. Supp. 2d 933, 944 (S.D. Ohio 2002) (holding that the mere fact that a sur-reply might be "helpful" is not enough to justify its filing). The Court is confident that it can discern the relevant information and properly decide the issues presented in this case. The Court therefore **DENIES** Defendant DWA's Motion.

### III.  <u>Remand</u>

The Court now turns to the issue of remand. (ECF No. 15.) Plaintiff asks this Court to remand the instant action to the Court of Common Pleas, Franklin County, Ohio. As a threshold matter, the Court must first determine whether Premera Blue Cross properly removed this action when it filed the Notice of Removal.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C.A. § 1441. "The removing party bears the burden of establishing federal subject matter jurisdiction." *Driscoll v. Wal-Mart Stores E., Inc.*, No. CIV.A. 2:09-CV-00154, 2009 WL 2169134, at *2 (S.D. Ohio July 16, 2009) (citing *Jerome–Duncan Inc. v. Auto–By–Tel, L .L.C.*, 176 F.3d 904, 907 (6th Cir. 1999)). "Doubts regarding federal jurisdiction should be resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (citing *Brown v. Francis*, 75 F.3d 860, 864–65 (3d Cir. 1996)). "The existence of

---

[2] The Court acknowledges that DWA argues that ERISA preemption applies for the first time in its sur-reply. The Court notes, however, that OhioHealth has already briefed the issue of ERISA preemption. The Court addresses preemption *infra*. Therefore, this Court's decision to deny DWA's motion to file sur-reply will not prejudice DWA.

subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004) (citing *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000) (holding that the district court was not divested of subject matter jurisdiction upon the dismissal of the plaintiff's federal claims)).

The primary sources of the subject-matter jurisdiction of the federal courts are diversity jurisdiction, *see* 28 U.S.C. § 1332, and federal question jurisdiction, *see* 28 U.S.C. § 1331. *See Douklias v. Teacher's Ins. & Annuity Ass'n*, 35 F. Supp. 2d 612, 614 (W.D. Tenn. 1999); s*ee e.g.*, *Lincoln Prop. Co. v. Roche*, 546 U.S. 81 (2005) (discussing diversity jurisdiction); and *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) (discussing federal question jurisdiction). Diversity jurisdiction generally permits individuals to bring claims in federal court where the claim exceeds $75,000 and the parties are citizens of different states. *See* 28 U.S.C. § 1332.

In the case *sub judice*, diversity of citizenship does not exist. "Accordingly, this Court has jurisdiction over this case, if at all, based upon the presence of a federal question." *Hahn v. Rauch*, 602 F. Supp. 2d 895, 903 (N.D. Ohio 2008). The district court has federal question jurisdiction in cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, "for removal to be appropriate, a federal question must appear on the face of the complaint." *Taylor-Sammons v. Bath*, 398 F. Supp. 2d 868, 873 (S.D. Ohio 2005) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9–10 (1983)). "[The well-pleaded complaint] rule provides that 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 514 (6th Cir. 2003) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Therefore, this Court looks to the original Complaint to determine whether Premera Blue Cross properly removed this action. *See Harper*, 392 F.3d at 210 ("[t]he existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal"). The Court finds that, on its face, Plaintiff's Complaint presents only state law claims against Original Defendants. In her Complaint, Plaintiff asserted claims for abuse of process and breach of contract; and claims for violations of Ohio Revised Code § 1751.60(A), Ohio Revised Code § 3923.81(A); Ohio Revised Code § 3701.74(B) and (C); Ohio Revised Code §1345.01(A); and Ohio public policy.

In its Notice of Removal, Premera Blue Cross argued that complete preemption, an exception to the well-pleaded complaint rule, applies to the claims in this action and creates original jurisdiction.[3] Premera Blue Cross contended that the Employee Retirement Income Security Act of 1975 ("ERISA"), 29 U.S.C. §§ 1001–1461, completely preempts Plaintiff's Complaint. In her motion to remand, Plaintiff does not argue that Premera Blue Cross improperly removed this action.

Thus, the issue "at this juncture turns upon the complex and somewhat murky doctrine of 'complete preemption.'" *Serraiocco v. Seba*, 286 F. Supp. 2d 860, 862 (E.D. Mich. 2003). "One corollary of the well-pleaded complaint rule . . . is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Taylor*, 481 U.S. at 63–64; *see also Warner v. Ford Motor Co.*, 46 F.3d 531, 532–33 (6th Cir. 1995). Under the doctrine of complete preemption, "if a federal cause of action

---

[3] Although Premera Blue Cross has settled its claims in this action, the Court will still consider arguments in the Notice of Removal because the original Complaint alleged claims against Premera Blue Cross. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000) ("It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed.").

completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Franchise Tax Bd.*, 463 U.S. at 24; *accord Taylor*, 481 U.S. at 63–64 (holding that "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character" and may be removed pursuant to 28 U.S.C. § 1441(a)).

"There are two distinct types of pre-emption under ERISA: conflict preemption and complete preemption. Conflict preemption is governed by ERISA § 514, 29 U.S.C. § 1144. Complete pre-emption is a judicially created doctrine with roots in ERISA § 502(a), 29 U.S.C. § 1132(a)." *Miami Valley Hosp. v. Cmty. Ins. Co.*, No. 3:05-CV-297, 2006 WL 2252669, at *3 (S.D. Ohio Aug. 7, 2006). "[T]his Court has jurisdiction only if Plaintiffs' claims are subject to complete preemption." *Fillmore v. Brush Wellman, Inc.*, 243 F. Supp. 2d 758, 762 (N.D. Ohio 2003). In order to be completely preempted, and thus removable to federal court, a "state law claim must be capable of being characterized as an ERISA enforcement action under [Section] 1132(a)." *Taylor-Sammons v. Bath*, 398 F. Supp. 2d at 873. A court must find that the state law cause of action "should be characterized as a superseding ERISA action 'to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan,' as provided in § 1132(a)." *Warner*, 46 F.3d at 534; *see also*, *Toumajian v. Frailey*, 135 F.3d 648, 654 (9th Cir.1998).

This Court finds that ERISA completely preempts Plaintiff's claims against Premera Blue Cross. In her Complaint, Plaintiff pleaded a declaratory judgment action, breach of contract, and bad faith against Premera Blue Cross. (ECF No. 2.)  The rights Plaintiff seeks to enforce through these claims originate under the terms of her employee benefit plan, and can be classified as an ERISA enforcement action under Section 1132(a). Plaintiff, a plan beneficiary, seeks breach of

contract remedies from Premera Blue Cross's denial of benefits. District "courts have repeatedly held that a breach of contract claim against an insurer arising out of a denial for benefits is essentially a claim for benefits under [Section 1132(a)] and should be characterized as such." *Huisjack v. Medco Health Solutions, Inc.*, 492 F. Supp. 2d 839, 849 (S.D. Ohio 2007) ("Here, Plaintiffs' breach of contract claim arising out of . . . denial of benefits (Count One), declaratory judgment request to clarify Plaintiffs' rights under the plan (Count Two), and motion for class certification for breach of contract (Count Seven) in so as far as they all relate solely to the LTD plan are completely preempted by ERISA."); *Johnson v. Decor Fabrics, Inc.*, 250 F.R.D. 323, 329-30 (M.D. Tenn. 2008) ("On numerous occasions, the Sixth Circuit has found breach of contract claims to be preempted by ERISA."); *see also*, *Hutchison v. Fifth Third Bancorp.*, 469 F.3d 583, 588 (6th Cir. 2006) (finding a state law breach of contract claim completely preempted because "an action exclusively under the control of ERISA law-deciding whether to grant benefits-was a necessary element of the" claim); *Ackerman v. Fortis Benefits Ins. Co.*, 254 F. Supp. 2d 792, 818 (S.D. Ohio 2003) (finding complete preemption when claim "claim for breach of contract, in which [Plaintiff] alleges that [defendant] 'breached its obligations to [plaintiff] under the terms of the policy, without any justifiable reason for such breach'"). Moreover, Plaintiff sought "a declaration of the rights, duties, and liabilities of the parties under the insurance policy(s) including but not limited to subrogation, reimbursement, [Ohio Revised Code] § 3902.11, *et seq.*, [Ohio Revised Code] § 1751.60, and OAC § 3901-1-56 with respect to which policy or policies of insurance issued by any health insurance plan is to provide coverage for each of the claims/occurrences as described more fully herein and what amount constitutes maximum limits of coverage, subrogation or reimbursement under the applicable policy or

policies of insurance." (ECF No. 2 at 12-13.) These claims clearly seek to clarify the terms of Plaintiff's employee benefit plan.

The Court therefore finds that, at the time of removal, it had original jurisdiction over Plaintiff's Complaint. Consequently, the Court also has supplemental jurisdiction over all other claims in this action. *Harper*, 392 F.3d at 209 ("In any action in which the district court has original jurisdiction, it also has supplemental jurisdiction over all other claims that are so related to claims in the action within such jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367(a).").

When a district Court has original jurisdiction over a removed action, it can remand a case "if all federal claims are dismissed." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Following the removal of this action, the Court has dismissed Plaintiff's claims against Premera Blue Cross and Nationwide Mutual Fire Insurance Company. Accordingly, the Court must determine whether the remaining claims fall within the original jurisdiction of this Court. If there remaining claims invoke the subject matter jurisdiction of this Court, the action *must* stay in federal court. *See Vander Boegh v. EnergySolutions, Inc*., 772 F.3d 1056, 1064 (6th Cir. 2014) ("Subject-matter jurisdiction can never be waived or forfeited, and courts are obligated to consider *sua sponte* whether they have such jurisdiction."). On the other hand, if only pendant state law claims remain, the Court uses a balancing test to determine whether it should continue to exercise supplemental jurisdiction. *See Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 761 (6th Cir. 2000) ("a district court has discretion to remand pendent state-law claims."); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience,

fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims.").

Under the framework above the Court will now turn to Plaintiff's Motion to Remand and Defendants' responses thereto. In essence, the Court must decide (A) whether the remaining claims in this action pose a federal question sufficient to establish continued subject matter jurisdiction; and (B) if no federal questions remain, whether this Court should exercise supplemental jurisdiction over the state law claims in this action.

### A.  <u>Subject Matter Jurisdiction Federal Question</u>

Plaintiff insists that only state law claims remain in this action. Plaintiff therefore asks this Court to remand the claims to the state court. Defendants disagree and argue that federal questions still exist that establish original jurisdiction.

The claims that remain in this action deal with OhioHealth's alleged illegal billing practices, and DWA's alleged cooperation with OhioHealth in furtherance of those billing practices. As discussed *supra*, "[a] claim falls within this court's original jurisdiction under 28 U.S.C. § 1331 'only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law.'" *Eastman*, 438 F.3d at 550-51 (quoting *Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990)).

In the instant action, Defendants argue that this Court has federal question jurisdiction over this matter because (1) ERISA complete preemption applies, and (2) Plaintiff alleges a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.A. § 1692, *et seq*. For the reasons provided *infra*, Defendants' arguments are not well taken.

### 1. ERISA Preemption

Defendants argue that the remaining claims relate to an ERISA plan, and that ERISA complete preemption applies. "In the context of ERISA, in order to be completely preempted, and therefore removable to federal court, the state law claim must be capable of being characterized as an ERISA enforcement action under ERISA's civil enforcement provision [Section 1132(a)]." *Huisjack v. Medco Health Solutions, Inc.*, 492 F. Supp. 2d 839, 849 (S.D. Ohio 2007) (citing *Taylor Chevrolet, Inc. v. Med. Mut. Servs., LLC*, No. 207-CV-53, 2007 WL 1452618, at *4 (S.D. Ohio May 15, 2007). Section 1132(a) authorizes a plan participant or beneficiary to bring an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *Id.* "[S]tate law claims outside the scope of [Section 1132(a)] are not subject to removal." *Taylor-Sammons v. Bath*, 398 F. Supp. 2d at 873 (citing *Wright v. Gen. Motors Corp.*, 262 F.3d 610, 614 (6th Cir. 2001)).

The Court finds that the remaining claims in this action do not fall within the scope of Section 1132(a). Defendants essentially rely on two cases to argue that complete preemption applies: *Peters v. Lincoln Elec. Co.*, 285 F.3d 456 (6th Cir. 2002), and *Turner v. Safeco Life Ins. Co.*, 17 F.3d 141 (6th Cir. 1994). First, Defendants reliance on *Turner* is misplaced. In *Turner*, plaintiff Mrs. Turner brought a claim under ERISA for recovery of a death benefit under an insurance policy. 17 F.3d at 142. Plaintiff clearly pleaded an ERISA claim. The *Turner* court addressed the issue of conflict preemption, not complete preemption.

*Peters* also misses the mark. In *Peters*, the plaintiff sued defendant, his employer. Defendant had moved plaintiff to a new job and eliminated his continued participation in his Supplemental Executive Retirement Plan. (SERP). Plaintiff asserted that he was suing over defendants "decision not to let [him] participate in the SER program." 285 F.3d at 468. The

district court reasoned that plaintiff was "'seeking to clarify his rights to future benefits' under the SERP, and, therefore, his 'breach of promises' claim was completely preempted under ERISA. *Id.* The *Peters* court found that plaintiff's claim falls squarely within [Section] 1132(a)." *Id.* at 469.

The instant action is distinguishable from *Peters*. Here, Plaintiff does not allege claims against her employer, or even the holder of her benefit plan. Plaintiff alleges claims against a third party hospital OhioHealth for illegal billing practices. State law claims between participants and third parties are generally not preempted. "Congress did not intend . . . for ERISA 'to preempt traditional state-based laws of general applicability that do not implicate the relations among the traditional ERISA plan entities, including the principals, the employer, the plan, the plan fiduciaries, and the beneficiaries.'" *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 698 (6th Cir. 2005) (quoting *LeBlanc v. Cahill*, 153 F.3d 134, 147 (4th Cir. 1998)); s*ee also*, *Poss v. Chattanooga Gas Co.*, No. 1:07-CV-206, 2007 WL 4146686, at *2 (E.D. Tenn. Nov. 19, 2007) (No complete preemption when Defendants owe Plaintiff continued coverage under an independent, contractual obligation.); *Fillmore v. Brush Wellman, Inc.*, 243 F. Supp. 2d 758, 761-63 (N.D. Ohio 2003) (no complete preemption when Plaintiffs seek to enforce the terms of the settlement agreement, under which Defendant apparently was *required* to provide Plaintiffs with the option of leaving with one year of benefits).

This Court finds *Benton v. Vanderbilt University* particularly instructive. 118 F. Supp. 2d 877 (M.D. Tenn. 2000). In *Benton,* plaintiff, a participant in employee benefit plan, brought a state-court action against a hospital after receiving treatment for injuries suffered in automobile collision, alleging that hospital breached its "preferred provider" agreement with the plan's medical insurer by not billing the insurer for the cost of treatment, and challenging the hospital

lien placed against any recovery obtained by participating in a personal injury action. *Id*. The

*Benton* court explained the following:

> The plaintiff's claims in this case are based on the terms of the Agreement
> between [hospital] and [medical insurer]. The plaintiff claims that he is a third-
> party beneficiary to that Agreement and seeks to enforce the provisions limiting
> [hospital's] ability to seek payment for medical services from the plaintiff. The
> plaintiff also claims that [hospital's] actions in asserting a hospital lien have
> interfered with his ability to settle his civil lawsuit and constitute abuse of
> process. These are state law claims and do not, on their face, require the court to
> interpret the ERISA plan in which the plaintiff participates. They do not, as the
> *Rice* court discussed, "rest upon the terms of the plan" or require the court to
> construe the plan. *See* [*Rice v. Panchal*, 65 F.3d 637, 645 (7th Cir. 1995)]; *see
> also* [*Ouellette v. Christ Hosp.*, 942 F. Supp. 1160, 1164 (S.D. Ohio 1996)]. The
> plaintiff does not seek to enforce any rights under the plan or to receive any
> benefits that were improperly withheld. *See* [*Dukes v. U.S. Healthcare, Inc.*, 57
> F.3d 350, 355 (3d Cir. 1995)]; *see also* [*Kendrick v. CNA Ins. Companies*, 71 F.
> Supp. 2d 815, 819 (S.D. Ohio 1999)]. Instead, the plaintiff's claims are concerned
> with the contractual relationship between [medical insurer] and [hospital], as
> discussed in *Ouellette*. *See* 942 F.Supp. at 1165. These are state law claims
> outside the scope of ERISA and should not be characterized as an action under §
> 1132(a).

118 F. Supp. 2d at 884-85.

Similar to *Benton*, Plaintiff in this action brought claims against a third party hospital for

breach of a preferred provider agreement. Here, Plaintiff alleged that Defendants' billing

practices violated Ohio law. Like in *Benton*, Plaintiff's claims are concerned with the contractual

relationship between her medical insurer and Defendants. These claims do not seek to enforce

rights under the plan or to receive benefits. *See Ouellette*, 942 F. Supp. at 1165 (finding

Plaintiff's claims against a third party hospital are not challenging the amount of benefits but the

quality of the service she received).

This Court concludes that the essential prerequisites for complete preemption under ERISA have not been satisfied in this case.[4] Plaintiff does not seek to recover benefits from an ERISA plan. *See Taylor-Sammons v. Bath*, 398 F. Supp. 2d at 877 (explaining claims that seek to recover benefits). Thus, Plaintiff's claims cannot reasonably be characterized as an enforcement action under § 1132(a).

### 2. *FDCPA Claim*

Defendants also argue that the Court has original jurisdiction because Plaintiff alleges a FDCPA claim. Defendants base this argument on the Complaint's citation to the FDCPA. Defendants' argument is not well taken.

First, Plaintiff has removed any mention to the FDCPA in her amended Complaint. (ECF No. 19.) "[I]f an amendment eliminates all the federal claims, remand becomes a discretionary decision for the district court under 28 U.S.C. § 1367(c)." *Eastman*, 438 F.3d at 551 (citing *Taylor v. First of Am. Bank–Wayne*, 973 F.2d 1284, 1288 (6th Cir. 1992) (observing that in such cases dismissal is not mandatory because supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right")). Moreover, Plaintiff clarifies any potential confusion as to why the original Complaint cited the FDCPA:

> the cause of action against DWA is title "**VIOLATIONS OF R.C. 3701.74(b) – Dreyfuss Williams & Associates Co. L.P.A.**" The Plaintiff did not allege an FDCPA violation. Within the body of the cause of action against DWA is o allegation that DWA violated FDCPA. The Plaintiff described DWA as a debt collector pursuant to FDCPA to simply clarify a description of the entity as not only a law firm engaging in debt collections throughout the state of Ohio, but also

---

[4] The Court does not need to address whether this action implicates an ERISA plan to the extent conflict preemption may exist under Section 1144(a). The possibility of conflict preemption does not persuade this Court to exercise supplemental jurisdiction over this matter. If Defendants have a defense of "conflict preemption" within the meaning of Section 1144(a), the state court can address and resolve the issue. *Wright*, 262 F.3d at 615 (declining to rule on Section 1144(a) preemption issue, noting that state courts are competent to decide whether ERISA has preempted the state law claims); *Warner*, 46 F.3d at 535 (federal preemption defense in nonremovable cases decided in state court).

that the principals of Daniel Dreyfuss and Michael Williams are principals in a corporation called MediInform employed by OhioHealth for debt collection.

(ECF No. 21 at 5.)

The Court finds that Plaintiff does not allege a FDCPA. Therefore, no federal question jurisdiction exists over the remaining claims in this action. As such, this Court has only supplemental jurisdiction over the remaining claims in this action.

### B.    Supplemental Jurisdiction

The Court now turns to the issue of supplemental jurisdiction. Any action in which the district court has original jurisdiction, it also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Section 1367 grants a district court broad discretion to decide whether to exercise jurisdiction over state-law claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). In deciding whether to retain jurisdiction over state-law claims, a district court should engage in a multi-factor balancing test considering the "values of judicial economy, convenience, fairness, and comity." *Gamel v. City of Cincinnati*, 625 F.3d 949, 951–52 (6th Cir. 2010) (citing *Carnegie–Mellon Univ.*, 484 U.S. at 350.

"When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–1255 (6th Cir. 1996); *see also*, 28 U.S.C. § 1367(c)(3) (stating that a district court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it ha[d] original jurisdiction"). Dismissal is not mandatory, however, because supplemental jurisdiction "'is a doctrine of discretion, not of plaintiff's right.'" *Id.* (quoting *Baer v. R & F Coal Co.,* 782 F.2d

16

600, 603 (6th Cir. 1986); s*ee also*, *Rosado v. Wyman*, 397 U.S. 397, 405 (1970) ("We are not willing to defeat the commonsense policy of pendent jurisdiction—the conservation of judicial energy and the avoidance of multiplicity of litigation—by a conceptual approach that would require jurisdiction over the primary claim at all stages as a prerequisite to resolution of the pendent claim."). A district court may also "'consider whether the plaintiff has used manipulative tactics to defeat removal and secure a state forum, such as simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case.'" *Chelten v. Wells Fargo Bank, N.A.*, No. 11-12369, 2011 WL 3706624, at *1 (E.D. Mich. Aug. 23, 2011) (quoting *Harper*, 392 F.3d at 211). "'If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account' in determining whether the balance of factors supports a remand of the state-law claims." *Gamel,* 625 F.3d at 952 (quoting *Carnegie–Mellon,* 484 U.S. at 357.).

  Defendants argue that this Court should continue to exercise supplemental jurisdiction over the remaining claims in this matter because Plaintiff's actions constitute forum manipulation. Defendants contend that Plaintiff's actions are suspicious because Plaintiff filed her motion to remand seven minutes after filing a stipulation dismissing Premera Blue Cross. Defendants assert that Plaintiff's quick filing constitutes evidence of forum manipulation. Defendants cite no case law to support the contention that quickly filing a motion to remand constitutes forum manipulation. Instead, Defendants rely heavily on *Harper*. 392 F.3d 195. Defendants argue that *Harper* requires this Court to exercise supplemental jurisdiction over this case. 392 F.3d 195. Defendants' arguments are not well taken.

*Harper* simply instructs this Court to use a balancing test when deciding whether to exercise supplemental jurisdiction. In *Harper*, the Sixth Circuit addressed whether federal question jurisdiction existed in a removal case, if the plaintiff's amended complaint eliminated the federal claims from the original complaint. *Id.* at 210. The plaintiff in *Harper* filed a complaint in Michigan state court. *Id.* The complaint included a Title VII federal claim. *Id.* Defendants removed the case to federal court based on the Title VII claim. *Id.* The plaintiff then filed an amended complaint that did not include the Title VII claim. *Id.* The plaintiff argued "that the filing of his amended complaint, without the Title VII claim, deprived the district court of subject matter jurisdiction over his remaining state law claims because the amendment 'related back' to the filing date of his first complaint, thereby depriving the court of original federal question jurisdiction." *Id.* The Sixth Circuit found that the "existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Id.* After finding that original jurisdiction existed, the *Harper* court then turned to the question of supplemental jurisdiction. The court applied a balancing test to determine whether it should exercise supplemental jurisdiction. The court "found that the following factors weighed in favor of retaining supplemental jurisdiction over the remaining state-law claims: (1) the plaintiff had engaged in forum manipulation by deciding to dismiss his federal-law claims only after the case had been on the district court's docket for 11 months, (2) the parties had completed discovery, and (3) the defendants' summary-judgment motions were ripe for decision." *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (summarizing the findings in *Harper*).

The facts of this case are distinguishable from those in *Harper*. This case has only been on the docket for 4 months, discovery is not complete, and summary judgment motions are not yet ripe. More importantly, Plaintiff did not use manipulative tactics to defeat removal and

secure a state forum. Plaintiff filed a motion to remand because a federal question no longer exists in this case. As explained by Plaintiff, "there was no reason to wait to file the Motion to Remand as doing so would not be in the interest of judicial economy and to balance the interest against needlessly requiring the Federal Court to decide State law issues." (ECF No. 21 at 4.) The instant action does not involve the manipulative elimination of federal claims from an amended complaint. Here, Plaintiff settled and dismissed the federal claims against other defendants in this action. Therefore, this Court finds no reason to exercise supplemental jurisdiction over this action.

**IV.    Conclusion**

For the reasons discussed above, the Court hereby **DENIES** DWA's Motion For Leave to File Sur-Reply, (ECF No. 25), **GRANTS** Plaintiff's Motion to Remand (ECF No. 15), and **DENIES AS MOOT** DWA's motion (ECF No. 20). The Court hereby **ORDERS** that this case be remanded to the Franklin County Court of Common Pleas, Franklin County, Ohio.

**IT IS SO ORDERED.**

**UNITED STATES DISTRICT JUDGE**